UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**XAVIER TURNER**
    **Petitioner-Defendant**

  **v.**                          **Case No. 11-C-1116**
                                       **(Criminal Case No. 09-CR-54)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

---

## ORDER

Petitioner Xavier Turner moves under Rule 60(b) to vacate the order denying his 28 U.S.C. § 2255 motion. Because the Rule 60(b) motion amounts to an unauthorized second collateral attack, I must dismiss it for lack of jurisdiction.

### I.

Petitioner pleaded guilty to attempted robbery/possession of five or more kilograms of cocaine with intent to distribute, an offense carrying a statutory penalty range of 10 years to life in prison, but I sentenced him to 106 months, the term jointly recommended by the parties, on the government's 18 U.S.C. § 3553(e) motion. After the dismissal of his direct appeal, petitioner filed a § 2255 motion, claiming that his lawyer provided ineffective assistance of counsel and that he was sentenced based on inaccurate information. He primarily argued that his lawyer agreed to the 106 month sentence without consultation, while leading him to believe that he would receive a 46 month term. On May 22, 2012, I denied the § 2255 motion, finding petitioner's claim that his lawyer promised him a 46 month sentence contrary to his statements during the plea colloquy. I further found that petitioner could not show prejudice based on

counsel's agreement to the 106 month sentence, as the government conditioned the § 3553(e) motion on this joint recommendation. Petitioner appealed, but the Seventh Circuit denied his request for a certificate of appealability on January 3, 2013, and his request for rehearing on April 29, 2013. On May 24, 2013, petitioner filed the instant Rule 60(b) motion to vacate the May 22, 2012 order denying his § 2255 motion.

**II.**

Section 2255(h) generally limits federal prisoners to one round of collateral review. E.g., Hare v. United States, 688 F.3d 878, 881 (7th Cir. 2012). A second or successive motion must be certified by a panel of the court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). The district court must dismiss for lack of jurisdiction a second or subsequent collateral attack filed absent appellate permission. See, e.g., United States v. Boyd, 591 F.3d 953, 957 (7th Cir. 2010).

Prisoners cannot evade these limitations through the captioning of their papers. If the motion, in substance, seeks the relief provided by § 2255 it must be treated as a § 2255 motion. See, e.g., United States v. Carraway, 478 F.3d 845, 848-49 (7th Cir. 2007); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002); Dunlap v. Litscher, 301 F.3d 873, 875 (7th Cir. 2002). A Rule 60(b) motion will be treated as a second or successive collateral attack if it challenges the prisoner's conviction or sentence, as opposed to some procedural defect or irregularity in the district court's handling

2

of the underlying habeas case. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 538 (2005); Carraway, 478 F.3d at 848-49; United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005).

Petitioner's Rule 60(b) motion qualifies as a second collateral attack. He presents additional evidence supporting his ineffective assistance of counsel claim, i.e., records from the jail documenting the visits from his lawyer.[1] He also presents a new ineffective assistance claim, arguing that his lawyer failed to apprise him of the government's initial dissatisfaction with his cooperation, which precluded him from addressing the deficiencies. See Gonzalez, 545 U.S. at 531 (stating that a Rule 60(b) motion presenting a new claim of constitutional error or newly discovered evidence in support of a claim previously denied qualifies as a second collateral attack).

Petitioner argues that I procedurally erred by not liberally construing his motion as alleging facts outside the record. I understood petitioner to claim that his lawyer (off the record) promised him a 46 month sentence. However, I found that the claim failed on the merits in light of petitioner's acknowledgment during the plea colloquy that he understood the statutory penalties he faced, including the 10 year minimum; that I was not bound to impose any particular sentence; and that no one had made him any promises, aside from those set forth in his plea agreement. See United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."); United States v. Bjorkman, 270 F.3d 482, 503 (7th Cir. 2001) (rejecting an ineffective assistance claim based on alleged misrepresentation by counsel where, during the

---

[1] Petitioner claims that these records contradict his lawyer's previous statement about those visits.

3

plea colloquy, the court provided correct information regarding the defendant's exposure and the defendant stated that no one had made any promises to induce him to plead guilty). I did not reject petitioner's motion on procedural grounds, and petitioner identifies no other defect in the integrity of the § 2255 proceedings.

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's Rule 60(b) motion (R. 37) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge